CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Slagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 3:16CR00024-01 |
| ) | (Civil Action No. 3:18CV81333) |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| RICCO JAMEL HARRIS, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Ricco Jamel Harris, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Harris to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Harris' motion to vacate will be denied.

### Background

On March 1, 2017, Harris waived indictment and entered a plea of guilty, pursuant to a written plea agreement, to a one-count superseding information. The information charged that from late 2012 until November 11, 2015, in the Western District of Virginia and elsewhere, the defendant knowingly and intentionally distributed and possessed with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that Harris would receive a term of imprisonment of 168 months.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR"). In the PSR, the probation officer determined that Harris qualified for sentencing as a career offender under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1. The

designation was based on a prior felony conviction for robbery in the Circuit Court of Albemarle County and a prior conviction for possession with intent to distribute cocaine in the Circuit Court for the City of Charlottesville. As a career offender, Harris was subject to an advisory guideline range of imprisonment of 262 to 327 months. Defense counsel did not file any objections to the PSR.

Harris appeared for sentencing on September 21, 2017. At that time, the court adopted the PSR in its entirety, including the determination that the defendant qualified for sentencing as a career offender. The court ultimately departed from the career offender range and imposed a term of imprisonment of 168 months, as agreed to by the parties under Rule 11(c)(1)(C). Harris did not appeal his conviction or sentence.

On September 26, 2018, Harris moved to vacate his sentence under 28 U.S.C. § 2255. Harris argues that his attorney was ineffective in failing to object to the career offender designation at sentencing. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

2

Harris has moved to vacate his sentence on the basis that defense counsel's failure to object to the career offender designation violated his Sixth Amendment right to effective assistance of counsel. Claims of ineffective assistance are reviewed under the standard enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). "Under Strickland, a movant seeking collateral relief from his conviction or sentence through an ineffective assistance claim must show (1) that his counsel's performance was deficient and (2) that the deficiency prejudiced his defense." United States v. Basham, 789 F.3d 358, 371 (4th Cir. 2015) (citing Strickland, 466 U.S. at 687).

To demonstrate deficient performance under Strickland, the movant must "show that counsel's representation fell below an objective standard of reasonableness" measured by "prevailing professional norms." 466 U.S. at 688. In assessing whether counsel's actions were unconstitutionally deficient, the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. "The Strickland standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)); see also Strickland, 466 U.S. at 689 (emphasizing that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

The prejudice prong of the Strickland test inquires into whether the alleged error by counsel affected the judgment. See 466 U.S. at 691. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

3

would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The instant claim of ineffective assistance rests on the assertion that Harris was improperly designated as a career offender. Harris contends that his prior conviction for Virginia common law robbery is not a qualifying predicate conviction under the career offender provisions of the Sentencing Guidelines, and that counsel was ineffective in failing to challenge the career offender designation on two grounds. Specifically, Harris contends that his prior conviction for robbery fell outside the applicable fifteen-year window and that such offense does not qualify as a crime of violence for purposes of the career offender provisions. For the following reasons, the court concludes that Harris' claims of ineffective assistance do not satisfy Strickland's stringent requirements.

Pursuant to § 4B1.1 of the Sentencing Guidelines, a defendant qualifies as a career offender if, among other requirements, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). This requirement is satisfied where "(1) the defendant has previously sustained at least two felony convictions of either a crime of violence or a controlled substance offense; and (2) the sentences for at least two of the aforementioned felony convictions are counted separately." United States v. Davis, 720 F.3d 215, 217 (4th Cir. 2013) (emphasis and internal quotation marks omitted) (citing U.S.S.G. § 4B1.2(c)).

At the time Harris was sentenced, the Guidelines defined a "crime of violence" as:
> any offense under federal or state law, punishable by a term exceeding one year, that—

4

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5854(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). The Guidelines further provided that a prior sentence is counted as long as it was imposed "within fifteen years of the defendant's commencement of the instant offense," or "resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1).

In this case, Harris first argues that his prior conviction for Virginia common law robbery is not a countable offense due to the age of the conviction. It is clear from the record, however, that this argument is without merit. The defendant's exhibits confirm that he was convicted of robbery on June 11, 2002, and that he received an active sentence of imprisonment of six years. The instant offense, to which Harris pled guilty on March 1, 2017, was committed from late 2012 until November 2015. See Stipulated Statement of Facts 1, Dkt. No. 40. Because less than fifteen years elapsed between the defendant's robbery conviction and the commencement of the instant offense, the robbery conviction was properly counted toward Harris' criminal history points, and his attorney did not provide ineffective assistance by failing to argue to the contrary. See U.S.S.G. § 4A1.2(e)(1); see also Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (observing that counsel is not required to make futile arguments).

The court must also reject the defendant's argument that his attorney erred in failing to argue that Virginia common law robbery is not a "crime of violence" as defined in U.S.S.G. § 4B1.2(a). Although the United States Court of Appeals for the Fourth Circuit held in United

States v. Winston, 850 F.3d 677, 685 (4th Cir. 2017), that a conviction for Virginia common law robbery does not qualify as a violent felony under the force clause of the Armed Career Criminal Act, such a conviction remains a qualifying predicate under the enumerated offenses clause of the career offender guideline. See United States v. Parker, 716 F. App'x 190, 193 (4th Cir. 2018) (holding that "the district court did not err in concluding that Virginia robbery is a crime of violence under [the enumerated offenses clause of] U.S.S.G. § 4B1.2(a)"); see also United States v. Fields, 756 F. App'x 313, 314) (4th Cir. 2019) (same). Consequently, Harris cannot establish that his attorney's failure to object to the career offender designation was objectively reasonable or prejudicial.

## Conclusion

For the reasons stated, the court concludes that Harris is not entitled to relief under § 2255. Consequently, the court will grant the government's motion to dismiss and deny Harris' motion. Additionally, because Harris has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 12th day of August, 2019.

_/s/_____
Senior United States District Judge