UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3-16-cr-24 |
| v. | MEMORANDUM OPINION AND ORDER |
| RICCO JAMEL HARRIS,  *Defendant.* | JUDGE NORMAN K. MOON |

Before the Court is Defendant's 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Dkt. 97. The Court will deny the motion because Defendant has raised no circumstances that are so extraordinary and compelling as to warrant a reduction in sentence.

I

Background

On October 12, 2016, Defendant was named in a seven count Indictment, filed by a Grand Jury sitting in the Western District of Virginia. Dkt. 1. Count One charged him with a conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. *Id.* Counts Two, Three, Four, Five, Six, and Seven charged him with distribution of cocaine base on various dates, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.*

The United States filed a Notice of Enhanced Punishment pursuant to 21 U.S.C. § 851 because of Defendant's prior conviction in Charlottesville Circuit Court in 2003 for a felony drug offense. Dkt. 24. Consequently, the Count One statutory range of incarceration was a

minimum term of 20 years and a maximum term of life. 21 U.S.C. § 841(a)(1)(A). The statutory range of incarceration for Counts Two through Seven was up to 30 years. 21 U.S.C. § 841(a)(1)(C).

Defendant waived indictment and entered a guilty plea to a one-count Superseding Information, pursuant to a written plea agreement. Dkts. 39, 41. Under the plea agreement, entered into by the parties pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the United States agreed to dismiss the previously filed Notice of Enhanced penalty, so Defendant would receive a term of 168 months' imprisonment. Dkt. 82 at 1. After the Notice of Enhanced Penalty was dismissed, the statutory minimum term of imprisonment that Defendant faced at his sentencing was 10 years and the maximum term was life imprisonment. 21 U.S.C. § 841(b)(1)(A). On September 21, 2017, Defendant was sentenced to 168 months' imprisonment, and the Court ordered that, upon release, Defendant be subject to a term of 5 years' supervised release. Dkt. 57.

On September 26, 2018, Defendant moved to vacate his sentence under 28 U.S.C. § 2255, alleging that his counsel was ineffective because counsel failed to object to the career offender designation at sentencing. Dkt. 69. This Court denied that motion. Dkt. 83.

Defendant filed a request for compassionate release with the warden at FCI Petersburg Low, which is where he currently resides. Dkt. 97 at 6. He based his request in a claim of sentencing disparity, claiming his sentence would be "significantly shorter" if he were sentenced today. *Id.* (Ex. G.) The warden denied this request. *Id.*

Defendant has served approximately 45% of his full sentence, and his anticipated release date, assuming good time credits, is August 26, 2028. Dkt. 104 (Ex. A) (BOP Sentence Monitoring Computation Data).

**Defendant's Proffered Reasons for Early Release**

Defendant argues that extraordinary and compelling reasons warranting early release from his term of imprisonment are presented because after he was sentenced, the First Step Act reduced the enhanced penalty under 841(b)(1)(A) for defendants with one prior conviction for a felony drug offense from 20 years to 15 years, creating "a potential sentencing disparity between pre- and post-FSA 841(b)(1)(A) defendants." Dkt. 97 at 9. He argues that "[a]lthough [he] was sentenced to only 14 years Pursuant to a guilty plea agreement, his sentence was informed by the applicable Guidelines at the time." Dkt. 97 at 9 (citing Dkt. 68). He also asserts that the sentencing disparity between crack and powder cocaine constitutes an extraordinary and compelling reason for release. *Id.* at 11.

**II**

**Statutory Requirements**

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted).

But the Fourth Circuit recently held that a defendant "cannot challenge the validity of his convictions and sentence through a compassionate release motion." *United States v. Ferguson*, No. 21-6733, 2022 WL 17256572, at *1 (4th Cir. Nov. 29, 2022). Instead, any such challenges must be reserved for habeas. *Id.* at 4–6.

### Defendant is Not Eligible for Early Release

Following this course, the Court concludes that Defendant's argument is foreclosed by *Ferguson*. And even without *Ferguson*, the circumstances presented by this case are not so extraordinary and compelling as to warrant early release.

### A. No Extraordinary and Compelling Reason

When Defendant was sentenced in 2017, the statutory penalty for an offense under 21 U.S.C. § 841(b)(1)(A) was a minimum of ten years' incarceration and a maximum term of life imprisonment. Defendants with prior felony drug conviction, under the statute, received an enhanced mandatory penalty of twenty years. And Section 401 of the First Step Act reduced the enhanced penalty under § 841(b)(1)(A) twenty years' incarceration to fifteen.

Defendant's sentence would not be different if sentenced today. The parties reached a Rule 11(c)(1)(C) plea agreement for a term of imprisonment of 168 months, and the government dismissed the Notice of Enhanced Penalty as part of the plea agreement, applying only a ten year mandatory minimum to Defendant. So Defendant was sentenced to a term of imprisonment below the fifteen year mandatory minimum. Defendant cites to *United States v. Richards*, No. 3:11-cr-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021) for support. But *Richards* is distinguishable. In *Richards*, the Rule 11(c)(1)(c) plea agreement that parties reached stipulated

to a sentence of 240 months, which corresponded to the then-applicable mandatory minimum sentence. *Richards*, at *1. The Court ordered a compassionate release reduction by sixty months, which was consistent with the FSA's five-year reduction in the statutory mandatory minimum. *Id.* at *3–4. But in this case, Defendant was not subject to a twenty-year mandatory minimum—he was instead given less time than the post-FSA statutory minimum.

Defendant also argues that the sentencing disparity between crack and powder cocaine is an extraordinary and compelling reason to reduce his sentence. Dkt. 97 at 11–12. This issue was not argued at the time of Defendant's original sentencing and does not represent a change in the law. Congress has maintained a sentencing disparity between crack cocaine and powder cocaine. And even if Defendant was convicted of distributing 4 kilograms of powder cocaine instead of crack cocaine, as he argues in his motion, *id.* at 11, he still received a sentence in the low-end of the new guidelines. If convicted under 21 U.S.C. § 841(b)(1)(B) for distributing 4 kilograms of powder cocaine, Defendant would have an advisory guideline range of 188–235 months' incarceration, based on his Total Offense Level of 31 and Criminal History Category of VI.[1]

### III

### Conclusion

As there is no extraordinary and compelling reason justifying early release, and the § 3553(a) factors weigh against such a release, Defendant's motion is denied.

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

---

[1] This still implicates the U.S.S.G. § 4B1.1 Career Offender guidelines.

Entered this <u>14th</u> day of December 2022.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE